IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KATHLEEN C. QUINN                                         PLAINTIFF

v.                              No. 3:19-cv-295-DPM

STATE FARM FIRE & CASUALTY
COMPANY                                                   DEFENDANT

## ORDER

1. Quinn owns two homes in Pocahontas, Arkansas, located at 1900 Mansker Drive and 204 East Church Street. It is undisputed that an April 2017 storm caused significant damage to both. The Church Street House is a rental property. Around seven months later, Quinn submitted insurance claims for the homes. State Farm didn't pay all the money requested on either claim. Quinn says the insuror's partial denial was a breach of contract. She wants the company to make her whole, plus a 12% statutory penalty and attorney's fees. State Farm responds that it paid her what she was owed under the policies' terms. The company seeks summary judgment. The Court takes the material facts, where genuinely disputed, in Quinn's favor. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

2. The first issue is Quinn's claim for replacement costs at the Mansker house. State Farm partly denied this claim. The insuror says she didn't reside at the house, which would mean that she can't collect

replacement costs under her insurance policy.  Taking the material facts in Quinn's favor, there is a genuine dispute about her residence.  The Mansker house is family property.  She says she began living in there in the 1990s.  Though she travels often, she stays there when she can, including some time in the months surrounding April 2017.  The house is full of her personal belongings.  And she's consistently testified that the Mansker house is her permanent home.  Based on this record, a reasonable juror could conclude that Quinn resided at the Mansker house during the relevant period.   The residence issue is not dispositive, though.

State Farm also says Quinn didn't follow the policy's timeline to recover replacement costs.  The policy required her to complete covered repairs by two years from the date of the loss and notify the insuror of the finished work within thirty days of completion.  *Doc. 26-1 at 25*.  The loss occurred on 28 April 2017.  *Doc. 26-8 at 1*.  State Farm's estimate shows what repairs needed to be done.  *Doc. 34-6*.  But, construing the facts in Quinn's favor, State Farm wasn't aware of any completed covered repairs until June 2019, at the earliest.  Quinn presses that the insuror knew of her roof repairs by at least October 2018.  Those repairs, however, aren't a part of this claim;  they are connected with another claim, which is not at issue in this case.  *Doc. 26-8 at 21–39*.  And nothing in the record shows that she notified State Farm of completed repairs included in the contested claim within the two years plus thirty days

window spelled out by the policy.  No reasonable juror could conclude that Quinn has shown that her replacement costs claim is covered. *Southern Farm Bureau Casualty Insurance Co. v. Fields*, 262 Ark. 144, 146, 553 S.W.2d 278, 279 (1977).

**3.** The next issue is Quinn's claim for loss-of-use benefits at the Mansker house.  State Farm denied that claim.  Here, the insuror again challenges her residence at the Mansker house.   That fact remains genuinely disputed.

State Farm's fallback position, however, is solid.  The insuror says Quinn hasn't showed that she sustained any loss that required increased costs to maintain her standard of living. *Doc. 26-1 at 18*.  She responds that she and her husband stayed in a hotel during Mardi Gras—presumably in February 2018—due to storm damage at the Mansker house, and she stayed in a motel sometime around November 2018 because the repairs still weren't done. *Doc. 26-3 at 23–24*.  But, Quinn doesn't recall how much either stay cost;  she hasn't provided any evidence about the price of a hotel or motel room in Pocahontas during that period;  and she doesn't recall any other expenses she incurred to maintain her standard of living in the wake of the April 2017 loss. *Ibid.*  Quinn's testimony only gets her part of the way to a triable issue.  The policy requires documentation, and she hasn't provided "receipts for additional living expenses incurred" from staying in hotels or motels or for any other expenses. *Doc. 26-1 at 27*.  Though the

letter of the policy requires those receipts to be submitted within sixty days of the loss, the reasonable reading is that those kinds of expenses can be later incurred and covered, but still must supported with some kind of documentation. She hasn't done so. She also requests $2,500 in compensation for her time spent overseeing the repair work, but she doesn't anchor that number to any lost wages or missed earnings opportunities. Because of the insufficient documentation, there's no jury issue on Quinn's loss-of-use claim.

**4.** The last issue is Quinn's claim for loss-of-rent coverage at the Church house. The claim was limited to damage arising from the April 2017 storm. This coverage requires uninhabitability. *Doc. 26-2 at 13*. The record indicates, however, that the storm damage had no bearing on the premise's habitability.

The parties agree that the storm caused a minor leak and roof damage. But, State Farm's expert, Steve Singleton, concluded that the Church house was habitable, and that the necessary repairs were routinely performed in occupied dwellings. *Doc. 26-15 at 2*. Quinn testified that the Church house was not uninhabitable after the storm. *Doc. 26-3 at 32*. Karen Coomer, the State Farm adjuster assigned to the claim, testified the same. *Doc. 29-9 at 27*. There were also frozen pipes at the house, which had burst at some point and caused problems. But the pipe-related damage wasn't connected with the April 2017 storm. Whether damage unconnected with that storm affected the Church

house's habitability is immaterial to her storm-based claim.  Her policy requires storm damage to be the cause of any uninhabitability at the Church house.  Quinn has not presented sufficient facts to reach a jury on coverage for lost rent.  *Fields*, 262 Ark. at 146, 553 S.W.2d at 279.

\* \* \*

State Farm's motion for summary judgment, *Doc. 26*, is granted. So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

25 August 2021